

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN HOVER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION, et al.,<br><br>Defendants. | CASE NO. C16-1243JLR<br><br>ORDER |

Before the court are a motion to dismiss by Defendants GMAC Mortgage Corporation dba ditech.com ("GMAC"), Nationstar Mortgage, LLC ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Federal National Mortgage Association ("Fannie Mae"), and Residential Mortgage Lender (MTD (Dkt. # 7)), and a motion to withdraw as counsel for GMAC by Rebecca R. Shrader of Anglin Flewelling Rasmussen Campbell & Trytten LLP (MTW (Dkt. # 9)). Plaintiffs Lynn Hover and Mila Hover (collectively, "the Hovers"), proceeding pro se, have not responded to GMAC,

Nationstar, MERS, Fannie Mae, and Residential Mortgage Lender's (collectively, "Moving Defendants")[1] motion to dismiss. (*See* Dkt.; *see also* MTD Reply (Dkt. # 13).) Having considered the submissions of the parties, the appropriate portions of the record, and the relevant law, the court GRANTS in part and DENIES in part Moving Defendants' motion to dismiss, DISMISSES the Hovers' claims against Moving Defendants, GRANTS the Hovers leave to amend their complaint within 15 days of the date of this order, and DENIES Ms. Schrader's motion to withdraw as moot.

On August 11, 2016, Moving Defendants moved to dismiss the Hovers' claims against them for failure to state a claim. (*See generally* MTD.) The Hovers have failed to respond to Moving Defendants' motion to dismiss. (*See* Dkt.) Pursuant to the Local Civil Rules, the court may treat a failure to respond as an admission that Defendants' motion has merit.[2] Local Rules W.D. Wash. LCR 7(b)(2).

Moving Defendants request that the court treat the Hovers' nonresponse according to Local Civil Rule 7(b)(2) and dismiss the complaint "with prejudice and without leave to amend." (MTD Reply at 2.) The court agrees that the Hovers' failure to respond

---

[1] The caption of Moving Defendants' motion indicates that only Nationstar, MERS, and Fannie Mae are movants. (MTD at 1.) However, in addition to arguing that the Hovers' claims against Nationstar, MERS, and Fannie Mae are legally deficient, movants argue that both GMAC and Residential Mortgage Lender are non-entities for purposes of this litigation. (*Id.* at 2-3 (arguing that GMAC is a non-entity due to Chapter 11 bankruptcy and Residential Mortgage Lender was improperly named because the deed of trust refers to a "Residential Mortgage Lender," which is actually a reference to GMAC).) Accordingly, the court also treats GMAC and Residential Mortgage as movants.

[2] "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

constitutes an admission that Moving Defendants' motion has merit. *See* Local Rules W.D. Wash. LCR 7(b)(2). The court has reviewed Moving Defendants' motion to dismiss and confirmed that each of Defendants' arguments has a firm legal basis. (*See* MTD at 5-18 (arguing that the origination-based claims are time-barred and lack a legal basis, the securitization of the loan does not give rise to a cause of action, the private nuisance claim fails as a matter of law, the Hovers fail to plead the elements of unjust enrichment, and the fraud claim is time-barred and fails on its merits).) However, Defendants have not demonstrated that amendment would be futile, and the court accordingly concludes that denying leave to amend is unwarranted.[3] *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Based on the foregoing analysis, the court GRANTS in part Moving Defendants' motion to dismiss (Dkt. # 7) and DISMISSES the Hovers' claims against Moving Defendants. However, the court GRANTS the Hovers 15 days to amend the complaint to remedy the deficiencies identified in Moving Defendants' motion to dismiss. If the Hovers fail to timely amend the complaint, the court will dismiss their claims against

//

//

//

---

[3] An amended complaint, should the Hovers choose to file one, "supercedes the original complaint and renders it without legal effect." *Lacey*, 693 F.3d at 927.

Moving Defendants with prejudice.[4] Because Ms. Schrader seeks to withdraw as counsel for a now-dismissed party, the court DENIES her motion (Dkt. # 9) as moot.

Dated this 8th day of September, 2016.

JAMES L. ROBART
United States District Judge

---

[4] The complaint also names as defendants Northwest Trustee Services, Inc., and "John or Jane Does 1-1000, unknown investors, agents, et al." (Compl. at 1.) Those defendants remain parties to this action.