UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN HOVER, el al., | CASE NO. C16-1243JLR |
| Plaintiffs, | ORDER |
| v. | |
| GMAC MORTGAGE CORPORATION, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Defendants Nationstar Mortgage, LLC ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal National Mortgage Association's ("Fannie Mae") (collectively "Moving Defendants") second motion to dismiss (2d MTD (Dkt. # 20)) Plaintiffs Lynn Hover and Mila Hover's (collectively, the "Hovers") amended complaint (Am. Compl. (Dkt. # 17)). The Hovers oppose the motion. (2d MTD Resp. (Dkt. # 25).) The court has considered the motion,

the submissions filed in support thereof and opposition thereto, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court STRIKES the Hovers' libel claim, GRANTS Moving Defendants' motion to dismiss, and DISMISSES with prejudice the Hovers' claims against Moving Defendants for private nuisance, unjust enrichment, and fraud. Further, the court ORDERS the Hovers to show cause why the court should not dismiss for failure to serve their claims against Defendants GMAC Mortgage LLC ("GMAC"), "Residential Mortgage Lender," Northwest Trustee Services, Inc. ("NWTS"), and John or Jane Does 1-1000 (collectively "Non-Moving Defendants").

## II. BACKGROUND[2]

This case arises out of a planned non-judicial foreclosure of the Hovers' house. (*See* Am. Compl. ¶¶ 33-35.) On July 17, 2002, the Hovers signed a deed of trust for $196,000.00 that was recorded against the Hovers' residence in Issaquah, Washington.

//

---

[1] No party has requested oral argument, and the court deems it unnecessary to the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Moving Defendants ask the court to take judicial notice of five documents. (Req. (Dkt. # 8).) The court denies Moving Defendants' request that the court take judicial notice of the July 17, 2002, promissory note (*id.* ¶ 1), the deed of trust (*id.* ¶ 2), and the notice of trustee's sale (*id.* ¶ 5). All three of those documents are attached to the Hovers' amended complaint (*see* Am. Compl. Exs. A ("Deed of Tr."), B ("Prom. Note"), C ("Not. of Tr. Sale")), and the court may therefore consider them for purposes of this motion without taking judicial notice thereof, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Moving Defendants also ask the court to take judicial notice of the assignment of the deed of trust from MERS to Nationstar and the appointment of NWTS as the successor trustee, both of which have been recorded at the King County Recorder's Office. (Req. ¶¶ 3-4, Exs. 3 ("Assign. of Deed"), 4 ("App't of NWTS").) The court can take judicial notice of public records that are not "subject to reasonable dispute." *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (citing Fed. R. Evid. 201). The assignment and the appointment are not subject to reasonable dispute and the court accordingly takes judicial notice of those documents.

1  (*Id.* ¶¶ 1-4, 10; *see also* Deed of Tr. at 18.)  On June 17, 2016, NWTS recorded a notice

2  of trustee's sale against the Hovers' residence.  (Not. of Tr. Sale; Am. Compl. ¶ 33.)  The

3  notice stated that the Hovers owed $35,636.50 in order to keep the residence from

4  foreclosure and that the mortgage had a remaining principal balance of $155,980.04.

5  (Not. of Tr. Sale at 3; Am. Compl. ¶ 34.)

6        In response to the notice of trustee's sale, on July 6, 2016, the Hovers filed a

7  complaint in King County Superior Court.  (Compl. (Dkt. # 1-1).)  In that complaint, the

8  Hovers alleged claims of private nuisance, unjust enrichment, and fraud.  (Compl. ¶¶ 20,

9  30-34, 37-39, 49, 80-86.)  The complaint also requested injunctive relief.  (*Id.* ¶¶ 130-60.)

10  On August 8, 2016, Nationstar timely removed this action on the basis of diversity

11  jurisdiction.  (*See* Not. of Rem. (Dkt. # 1).)  In the notice of removal, Nationstar

12  contended that NWTS, a non-diverse party, was a nominal defendant to this suit and thus

13  did not destroy complete diversity.  (*Id.* ¶ 13.)

14        On August 17, 2016, the court ordered Moving Defendants and Non-Moving

15  Defendants to show cause why the case should not be remanded for lack of subject matter

16  jurisdiction.  (OSC (Dkt. # 10) at 1-2.)  The order detailed the argument in the notice of

17  removal that NWTS did not destroy complete diversity because it was a nominal

18  defendant, but the court noted that the Hovers' complaint—although not a model of

19  clarity—could be construed to assert claims against NWTS.  (*Id.* at 3-4.)  The order

20  required Moving Defendants and Non-Moving Defendants to show cause and allowed,

21  but did not require, the Hovers to submit a responsive memorandum.  (*Id.* at 5.)

22  //

ORDER - 3

On August 29, 2016, Moving Defendants responded to the show cause order. (OSC Resp. (Dkt. # 12).) Moving Defendants argued that because the original complaint only named NWTS in its capacity as trustee, case law supported treating NWTS as a nominal party. (*Id.* at 9.) Moving Defendants contended that only when the trustee is alleged to have committed misconduct under the Deed of Trust Act, RCW ch. 61.24, such as making a false statement on the notice of trustee's sale, does the trustee qualify as a real party in interest in a foreclosure case. (*Id.* at 6 (citing *Beiermann v. JP Morgan Chase Bank Nat'l Ass'n*, No. C11-5952RSL, 2012 WL 1377094, at *3 (W.D. Wash. Apr. 19, 2012); *Leem v. Bank of Am. Home Loans*, No. C13-1517RSL, 2014 WL 897378, at *3 (W.D. Wash. Mar. 6, 2014)).) The Hovers did not respond to the order to show cause. (*See generally* Dkt.) Based on Moving Defendants' brief, the legal authority cited therein, and the Hovers' nonresponse, the court concluded that it had subject matter jurisdiction because NWTS was a nominal defendant and therefore did not destroy complete diversity.

On August 11, 2016, Moving Defendants moved to dismiss the original complaint for failure to state a claim. (1st MTD (Dkt. # 7).) Moving Defendants contended that the securitization of the deed of trust did not give rise to a cause of action. (*Id.* at 8-9.) Additionally, Moving Defendants argued that the Hovers fail to state a claim because all three claims were time barred by the applicable statutes of limitations. (*Id.* at 5-7.) Finally, Moving Defendants argued that the Hovers failed to allege sufficient facts to support each claim. (*Id.* at 11-13 (arguing private nuisance), 13-15 (arguing unjust enrichment), 15-18 (arguing fraud).) The Hovers did not respond to the motion to

ORDER - 4

1  dismiss. (*See generally* Dkt.) On September 2, 2016, Moving Defendants filed a reply
2  memorandum in which they argued that the court should treat the Hovers' failure to
3  respond as an admission that Moving Defendants' motion has merit. (1st MTD Reply
4  (Dkt. # 13) at 3 (citing Local Rules W.D. Wash. LCR 7(b)(2)).)

5      On September 8, 2016, the court dismissed the Hovers' claims against Moving
6  Defendants. (9/8/16 Order (Dkt. # 14).) In the order, the court explained that "each of
7  [Moving] Defendants' arguments has a firm legal basis." (*Id.* at 3.) Furthermore, the
8  court treated the Hovers' failure to respond as an admission that Moving Defendants'
9  motion had merit. (*Id.* at 2-3.) However, the court granted the Hovers leave to amend
10 their complaint to "remedy the deficiencies identified in Moving Defendants' motion to
11 dismiss." (*Id.* at 3.) The court cautioned the Hovers that "failure to timely amend the
12 complaint" would result in the court dismissing their claims against Moving Defendants
13 with prejudice. (*Id.* at 3-4.)

14     On October 18, 2016, the Hovers filed an amended complaint. (*See* Am. Compl.)
15 The amended complaint asserts a new cause of action, libel, stemming from the notice of
16 trustee's sale. (*Id.* ¶¶ 31-49.) The amended complaint also contains a lengthy discussion
17 of a party's right to a jury trial. (*Id.* ¶¶ 19-30, 52.) Besides the libel claim and the right
18 to a jury trial discussion, the Hovers' new complaint contains few allegations that were
19 not in the original complaint. (*See id.* ¶¶ 51 (asserting a private nuisance claim that is
20 partially premised on the libel claim), 62 (attempting to correct the elements for an unjust
21 enrichment claim), 64-65 (asserting legal conclusions), 82-83 (asserting legal
22 conclusions), 91-93 (discussing attached "industry publications"), 110 (asserting legal

conclusions and statements that all parties are aware or should be aware that "no real loan exists").)

On October 31, 2016, Moving Defendants filed a second motion to dismiss. (2d MTD.) Moving Defendants argue that "very little distinguishes" the Hovers' amended complaint from their original complaint. (*Id.* at 2.) Moving Defendants address the Hovers' new libel claim (*id.* at 12-14) and reiterate their arguments from the first motion as to the Hovers' other claims (*id.* at 5-12, 14-24). Moving Defendants' motion to dismiss is now before the court.

### III. ANALYSIS

The court first addresses the Hovers' libel claim and then turns to the remainder of the claims in their amended complaint.

#### A. Libel Claim

In its September 8, 2016, order, the court granted the Hovers leave to amend only to "remedy the deficiencies identified in Moving Defendants' motion to dismiss." (9/8/16 Order at 4.) The court did not grant leave to assert new claims. (*See id.*) The Hovers' libel claim, which they assert against Moving Defendants and Non-Moving Defendants, appears for the first time in the amended complaint. (*See* Am. Compl. ¶¶ 31-49.)

By adding a libel claim, the Hovers exceeded the scope of leave to amend that the court granted. Further, the Hovers "did not otherwise seek leave of the Court to amend

//

//

the pleadings to add new claims as required by Federal Rule of Civil Procedure 15(a)."[3] *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010); *see also Au v. Republic State Mortg. Co.*, No. CIV. 11-00251 JMS, 2012 WL 3113147, at *15 (D. Haw. July 31, 2012). "[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken." *DeLeon*, 2010 WL 4285006, at *3 (collecting cases); *see also Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 557-58 (D. Haw. 1998) (striking a claim from an amended pleading that disregarded court's prior order); *Benton v. Baker Hughes*, No. CV 12-07735 MMM MRWX, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013), *aff'd sub nom. Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015) ("The addition of the plaintiff's new claims therefore exceeds the scope of the leave to amend granted, and it is appropriate to strike the newly added claims on this basis."). The court therefore strikes the Hovers' libel claim pursuant to Federal Rule of Civil Procedure 12(f).[4]

---

[3] "Pro se pleadings are liberally construed. . . ." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). However "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa City*, 693 F.3d 896 (9th Cir. 2012).

[4] Until now, based in part on the Hovers' non-objection, the court has treated NWTS as a nominal party for purposes of analyzing subject matter jurisdiction. (*See* OSC; OSC Resp.; Dkt.) Allowing the Hovers to proceed with a libel claim against NWTS would destroy complete diversity and is therefore akin to joining a non-diverse party after removal. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (construing 28 U.S.C. § 1447(e) as "couched in permissive terms," which "gives the district court the discretion to deny joinder"). In such a situation, the court determines whether to permit joinder by considering the following factors: 1) whether the would-be-defendant is

B.   **Original Claims**

In their amended complaint, the Hovers slightly alter their original claims for private nuisance, unjust enrichment, and fraud. (*Compare* Compl. *with* Am. Compl.; *see, e.g.*, Am. Compl. ¶ 51); *see also supra* § II. The court now turns to Moving Defendants' second motion to dismiss those claims.

1. <u>Legal Standard</u>

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility

//

---

necessary for just adjudication of the controversy; 2) whether the plaintiff still could bring an action in state court against the putative defendant; 3) whether there has been any unexplained delay in joinder; 4) whether it appears the plaintiff is seeking to destroy jurisdiction; 5) the apparent merit of the claims against the new party; and 6) whether the plaintiff would suffer prejudice without the joinder of the defendant. *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000); *see also Perryman v. Life Time Fitness*, No. 09-CV-0452-PHX-GMS, 2009 WL 764547, at *1-2 (D. Ariz. Mar. 24, 2009). Here, all six factors are either neutral or favor denying the effective joinder of NWTS. This rationale therefore also supports dismissing the Hovers' newly asserted libel claim against NWTS.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Id.* Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* A complaint does not survive dismissal where "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In addition, "[a] plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.'" *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (quoting *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). In deciding a motion to dismiss, the court may consider the pleadings, documents attached to the pleadings, documents that are judicially noticed, and documents that the pleadings incorporate by reference. *Ritchie*, 342 F.3d at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)).

2. <u>Failure to State a Claim</u>

Each of the Hovers' claims is premised on the invalidity of the deed of trust. (*See* Am. Compl. ¶¶ 55 (alleging that there was no deed of trust or contract in support of the

private nuisance claim), 62 (same in support of the unjust enrichment claim), 130 (same in support of the fraud claim).) Most of the Hovers' allegations of invalidity are recitations of legal authority or conclusory assertions, which the court does not treat as true for purposes of ruling on Moving Defendants' motion. (*See, e.g., id.* ¶ 55 ("The Defendant(s) has not executed a legitimate contract with Plaintiff(s) to act on, nor has been transferred a bona fide contract.").) As best the court can infer from the non-conclusory factual allegations, the Hovers base the deed's invalidity on the flawed legal theory that the securitization of the Hovers' mortgage vitiates their obligations as borrowers or the terms of the loan between the Hovers and the lenders. (*See, e.g.,* Am. Compl. ¶¶ 58, 62; *see also* 2d MTD at 8-9; 2d MTD Resp. ¶ b, Ex. 1 at 12 (agreeing that securitization is a "factor" of the unjust enrichment and fraud causes of action).)

Washington law does not provide borrowers relief from their mortgages because the deed of trust was assigned or securitized. *See Velasco v. Discover Mortg. Co.,* 2015 WL 1753677, at *11 (Wash. Ct. App. 2015) (unpublished)[5] ("Washington law does not provide that transfer of the note into a mortgage backed securities pool discharges the [plaintiff's] debt obligation on the note"). Federal courts applying Washington law agree that securitization or transfer of beneficiaries do not invalidate a deed of trust. *See Young v. Quality Loan Serv. Corp.,* No. C14-1713RSL, 2015 WL 12559901, at *1 (W.D. Wash. July 7, 2015); *St. Louis v. JPMorgan Chase Bank N.A.,* No. C12-0614MJP, 2012 WL

//

---

[5] "[W]e may consider unpublished state decisions, even though such opinions have no precedential value." *Emp'rs Ins. of Wausau v. Granite State Ins. Co.,* 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

12846992, at *3 (W.D. Wash. June 11, 2012) (holding securitization did not nullify the deed of trust or promissory note); *Andrews v. Countrywide Bank, NA*, 95 F. Supp. 3d 1298, 1301 (W.D. Wash. 2015).

Stripped of the conclusory allegations and the allegations that rely on this flawed securitization theory, the Hovers' complaint fails to state a claim against Moving Defendants. The Hovers do not dispute that they received $196,000.00 in return for the obligation to repay that money with interest over a period of time. (*See* Deed of Tr. at 2; Prom. Note at 21.) Nationstar is the current beneficiary of the deed of trust and can initiate a non-judicial foreclosure if the Hovers have not made current loan payments. (Req. for Jud. Not. at 2, Ex. 3.) The court cannot plausibly infer from the amended complaint any unreasonable interference on the part of Moving Defendants as they move toward that foreclosure sale. *See Lakey v. Puget Sound Energy, Inc.*, 296 P.3d 860, 867-68 (Wash. 2013) (explaining that a defendant's unreasonable interference is a necessary element of private nuisance). There is also no basis to infer inequity, a necessary element of the Hovers' unjust enrichment claim. *Dragt v. Dragt/DeTray, LLC*, 161 P.3d 473, 482 (Wash. Ct. App. 2007) (quoting Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011)). Finally, the Hovers also fail to meet the heightened pleading standard for fraud, *see* Fed. R. Civ. P. 9(b), because the allegedly concealed truth—that the loan would be securitized or transferred (*see* Am. Compl. ¶ 110)—was not concealed (*see* Deed of Tr. ¶ 20) and there is no suggestion that its concealment caused damage to the Hovers, *see Adams v. King Cty.*, 192 P.3d 891, 902 (Wash. 2008) (articulating the elements of fraud, including causation).

The Hovers have again failed to state claims for fraud, private nuisance, and unjust enrichment.[6] (*See* 9/8/16 Order.) The court therefore dismisses those claims[7] against Moving Defendants.

C.  **Leave to Amend**

Having concluded that the Hovers fail to state a claim against Moving Defendants, the court considers whether to grant leave to amend. Moving Defendants request that the court deny leave to amend due to futility. (2d MTD at 22-23.) Federal Rule of Civil Procedure 15 states that "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether justice requires leave to amend, the court considers: (1) the presence or absence of undue delay, (2) bad

---

[6] The Hovers' claims, as pleaded, are also again subject to dismissal on statute of limitations grounds. (*See* 2d MTD at 6-7; *see also* 1st MTD at 5-6 (raising the same argument).) "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2009). All the claims are based on alleged improprieties that occurred when the parties signed the contract in 2002. (*See supra* § III.B.2.) The statute of limitations for fraud is three years, RCW 4.16.080, the statute of limitations for contractual claims is six years, RCW 4.16.040, and there is no suggestion that the Hovers recently learned of the facts underlying this lawsuit. Thus, the face of the complaint makes apparent that the fraud claim expired in approximately 2005 and the private nuisance and unjust enrichment claims, which rely on the unenforceability of the deed of trust and promissory note, expired in approximately 2008.

The Hovers resist this conclusion by suggesting that equitable tolling might save the claims. (2d MTD Resp. ¶ 2, Ex. A at 12.) There are no allegations, however, that give rise to the plausible inference that the statute of limitations would be tolled for more than half a decade. (*See generally* Am. Compl.)

[7] The Hovers also seek injunctive relief (*see* Am. Compl. ¶ 158) and assert their right to a jury trial (*see, e.g., id.* ¶¶ 19-30; 2d MTD Resp. at 4-9). Injunctive relief is a remedy, not a cause of action. *See Chan v. Chase Home Loans, Inc.*, No. C12-0273JLR, 2012 WL 1252649, at *3 (W.D. Wash. Apr. 13, 2012) (collecting cases). Dismissal for failure to state a claim does not impinge on the Hovers' right to a jury trial. *See, e.g., Fischer v. United States*, No. EDCV02-691-OMP(SGL), 2003 WL 21262103, at *5 (C.D. Cal. May 30, 2003) (collecting cases).

faith, (3) dilatory motive, (4) "repeated failure to cure deficiencies" in previous amendments, and (5) futility of the amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 181, 83 (1962)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

Here, the court already gave the Hovers notice of their complaint's deficiencies and an opportunity to amend the complaint. (*See* 9/8/16 Order.) The Hovers added assertions of the right to a jury trial (Am. Compl. ¶¶ 19-30, 52), a new libel claim (*id.* ¶¶ 31-49), and conclusory refutations of Moving Defendants' arguments (*see, e.g., id.* ¶ 65 ("We, hereby rebut any presumption [we] have waived [our] rights to do this with regards to this transaction.")). The Hovers' amended complaint is nonresponsive to the pleading deficiencies that the court identified in dismissing their first complaint. It is therefore clear that further leave to amend would be futile, and the court denies the Hovers leave to amend their claims against Moving Defendants.

### D. Service of Process on the Remaining Defendants

The Hovers now retain private nuisance, unjust enrichment, and fraud claims only against Non-Moving Defendants. (*Compare* Am. Compl. (asserting claims against Moving Defendants and Non-Moving Defendants for libel, private nuisance, unjust enrichment, and fraud)), *with supra* §§ III.A. (striking the fraud claim), III.B.2. (dismissing the private nuisance, unjust enrichment, and fraud claims against Moving

Defendants). The Hovers appear to have failed to serve Non-Moving Defendants. (*See generally* Dkt.) Federal Rule of Civil Procedure 4 requires a plaintiff to serve each defendant with a summons and a copy of the complaint and sets forth the specific requirements for doing so. Rule 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(l)(1) (stating the requirement that the plaintiff prove service).

There is no evidence in the record that the Hovers properly and timely served NWTS, Residential Mortgage Lender,[8] GMAC,[9] or John or Jane Does 1-1000[10] with the summons and complaint. (*See generally* Dkt.) Therefore, the court orders the Hovers to show cause within 14 days why their claims against Non-Moving Defendants should not be dismissed for failure to serve. If the Hovers fail to timely show good cause for their

//

---

[8] Moving Defendants assert that this party does not exist and that the Hovers erroneously named this party based on the definition section of the deed of trust. (Not. ¶ 5; 1st MTD at 2-3; 2d MTD at 3.)

[9] Attorney Rebecca Shrader, lead counsel for Moving Defendants, listed herself as counsel of record for GMAC but asserts her notice of appearance was a clerical error and moved to withdraw. (Withdrawal Mot. (Dkt. # 9) at 1.) Although the court denied as moot her motion to withdraw (9/8/16 Order at 4), there is no indication that GMAC has been served.

[10] John or Jane Does 1-1000 appear to be nominal defendants that the Hovers have not identified. (*See* Am. Compl. at 2.)

ORDER - 14

failure to serve Non-Moving Defendants, the court will dismiss the claims against Non-Moving Defendants without prejudice and without leave to amend.

## IV.   CONCLUSION

Based on the foregoing analysis, the court STRIKES the Hovers' libel claim, GRANTS Moving Defendants' motion to dismiss (Dkt. # 20), and DISMISSES with prejudice the Hovers' claims against Moving Defendants for private nuisance, unjust enrichment, and fraud. The court further ORDERS the Hovers to SHOW CAUSE within fourteen (14) days of the date of this order why their claims against Non-Moving Defendants should not be dismissed without prejudice for failure to serve.

Dated this 21st day of March, 2017.

JAMES L. ROBART
United States District Judge