1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10  LYNN HOVER, et al.,                    CASE NO. C16-1243JLR

11              Plaintiffs,                ORDER

12       v.

13  GMAC MORTGAGE
    CORPORATION, et al.,

14
                Defendants.

15

16      Before the court are *pro se* Plaintiffs Lynn Hover and Mila Hover's "objections,"

17  which the court liberally construes as a motion to either reconsider the court's March 21,

18  2017, and April 5, 2017, orders or amend the judgment in this matter. (*See* Mot. (Dkt.

19  # 32); *see also* 3/21/17 Order (Dkt. # 28); 4/5/17 Order (Dkt. # 30); Judgment (Dkt.

20  # 31).) The Hovers' motion raises issues that the court previously rejected, including

21  arguments regarding the Hovers' right to a jury trial (*see* 3/21/17 Order at 12 n.7) and

22  conclusory factual and legal assertions (*see id.* at 10). The Hovers make no showing that

1    warrants reconsidering the court's orders of dismissal, *see* Local Rules W.D. Wash. LCR

2    7(h)(1)-(2), amending the judgment, *see* Fed. R. Civ. P. 59(e), or providing relief from

3    the judgment, *see* Fed. R. Civ. P. 60.[1]  Accordingly, the court DENIES the Hovers'

4    motion (Dkt. # 32).

5          In addition, the Hovers repeatedly reference the purported bias of the undersigned

6    judge. (*See, e.g.*, Mot. at 4, 6-7, 16.)  Although they do not formally move for recusal

7    (*see id.*), out of an abundance of caution, the court considers whether recusal is

8    appropriate under 28 U.S.C. § 455.  Section 455 requires a judge to "disqualify himself in

9    any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C.

10   § 455(a), or where "he has a personal bias or prejudice concerning a party," *id.*

11   § 455(b)(1).  "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United*

12   *States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ.*

13   *of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem

14   from an extrajudicial source.").

15         The Hovers provide no legitimate reason why the court's impartiality might

16   reasonably be questioned in this case, nor has the court identified any in its independent

17   review of the record. *See Studley*, 783 F.2d at 939.  Indeed, in light of the Hovers' *pro se*

18   status, the court has afforded them significant leeway and ample opportunity to present

19   their claims. (*See* Dkt.)  Accordingly, the undersigned judge declines to voluntarily

20

21         ─────────────────

22   [1] The Hovers also reference Federal Rule of Civil Procedure 46 (*see* Mot. at 2), which addresses objecting to court rulings and orders during trial, *see* Fed. R. Civ. P. 46.  That rule does not apply to the current posture of the case.

1   recuse himself. Pursuant to the Local Rules for the Western District of Washington, the

2   court DIRECTS the Clerk to refer this issue to the Chief Judge of the court for further

3   review. *See* Local Rules W.D. Wash. LCR 3(e).

4        Dated this 24 day of April, 2017.

5

6                               JAMES L. ROBART
                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22