# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LYNN HOVER, et al., | CASE NO. C16-1243 JLR |
| Plaintiffs, | ORDER ON REVIEW OF REQUEST TO RECUSE |
| v. | |
| GMAC MORTGAGE CORPORATION, et al., | |
| Defendants. | |

This action, filed in response to the planned non-judicial foreclosure of Plaintiffs' house, was successfully removed from King County Superior Court. (Dkt. No. 1.) Following a series of rulings on dispositive motions, the case was dismissed in its entirety on April 5, 2017. (*See* Orders and Judgment, Dkt. Nos. 28, 30 and 31.) After entry of the judgment dismissing the matter, Plaintiffs filed a document entitled "Plaintiffs' Written Objections, and Memorandum in Support of Plaintiffs' Motion to Alter/Amend 'ORDER' on March 21, 2017 and Judgment on April 5 2017." (Dkt. No. 32.)

The presiding judge, The Honorable James L. Robart, construed the pleading as a motion to reconsider and/or amend (which he denied) and also as a possible motion to recuse. After analyzing the Plaintiffs' allegations concerning their perceptions of his bias against them, Judge Robart declined to recuse himself and (in accordance with the Local Rules of this district) referred the matter to this Court for further review. (Local Rules W.D. Wash. LCR 3(e); Dkt. No. 34.)

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

Plaintiffs cite no other reason or evidence in support of their position than the rulings of Judge Robart. A judge's conduct in the context of past or pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued adverse rulings against a party. If Plaintiffs believe that Judge Robart has committed legal error in his rulings, they are entitled to make that argument on appeal to the Ninth Circuit Court of Appeals (which they have done; *see* Dkt. No. 37, Notice of Appeal). They are not entitled to recusal of the judge who made the rulings.

The Court finds no evidence upon which to reasonably question Judge Robart's impartiality and AFFIRMS his denial of Plaintiffs' request that he recuse himself.

The Clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated this 26th day of May, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE